IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DUKE EDWARD WILSON,<br><br>Defendant. | Case: 1:23–mc–00097<br>Assigned To : Lamberth, Royce C.<br>Assign. Date : 9/27/2023<br>Description: Misc.<br><br>Case No: 21-cr-345-RCL |

## APPLICATION FOR ACCESS TO VIDEO EXHIBITS

Pursuant to Local Criminal Rule 57.6, applicants Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Pro Publica, Inc., TEGNA Inc., and WP Company LLC, d/b/a The Washington Post (together, the "Press Coalition") respectfully seek access, under the First Amendment and common law, to video exhibits that have been submitted to the Court in this matter. In support of this application the Press Coalition states as follows:

1.      On May 14, 2021, in response to a motion filed by the Press Coalition, Chief Judge Beryl A. Howell issued Standing Order No. 21-28 (the "Standing Order"). The Standing Order recognizes "[t]he significant public and media interest in the numerous criminal cases arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases')." *See* Standing Order at 2.



RECEIVED
SEP 27 2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

2.      To accommodate this interest, the Standing Order provides that "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application . . . to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties." *See id.* at 5.

3.      The Standing Order further provides that "[u]pon grant of such media application, the government shall make the video exhibit[s] available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access." *See id.* at 5-6.  Specifically, the Standing Order states that "[m]embers of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits" by way of an electronic "'drop box'" into which the Government has agreed to place videos subject to access orders in the Capitol Cases.  *See id.* at 6.

4.      This is one of the Capitol Cases.  Defendant Duke Edward Wilson pled guilty to assaulting a law enforcement officer on January 6, and on March 4, 2022, was sentenced to 51 months of incarceration.

5.      Ahead of his sentencing hearing, the parties submitted memoranda that included screenshots and referenced video exhibits submitted for the Court's consideration (the "Video Exhibits").  *See* Mot. for Variance and Sentencing Mem. at 5-7, Dkt. 26; Gov't's Sentencing Mem. at 10-14, Dkt. 29.

6.      The Video Exhibits are plainly "intended to influence the court" in its decision-making, and as a result they are judicial records subject to a "strong presumption in favor of public access." *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020) (Garland, J.).

7.      Neither the Defendant nor the Government could possibly rebut the presumption of access to Video Exhibits that are admitted in open court, under *United States v. Hubbard*, 650

F.2d 293, 317-21 (D.C. Cir. 1980).  *See also, e.g.*, *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A trial is a public event.  What transpires in the court room is public property.").

8. Because the Video Exhibits are judicial records subject to an unrebutted presumption of public access upon their entry into evidence, the Court should grant this Application and direct the Government to immediately release the Video Exhibits to the Press Coalition via electronic "drop box."

9. The Standing Order provides that "[n]o recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge."  *See* Standing Order at 6.  The Press Coalition therefore requests that the Court grant permission to record, copy, download, retransmit, and otherwise further publish these Video Exhibits.[1]

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Government to release the Video Exhibits, without restriction, within 72 hours.

---

[1] The Press Coalition makes this request without conceding that the Standing Order complies with the First Amendment or common law, and expressly reserving the right to challenge this and other portions of the Standing Order in this and other Capitol Cases.

Dated: September 26, 2023

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2023, I caused true and correct copies of the foregoing to be served via electronic mail and U.S. Mail on the following:

| | |
|---|---|
| Charles F. Peterson ISB# 3346<br>PETERSON LAWYERS<br>671 E. Riverpark Lane, Suite 210<br>Boise, Idaho 83706<br>chuck@petersonlawyers.com<br><br>*Attorney Duke Edward Wilson* | Christopher Tortorice<br>Assistant United States Attorney<br>555 4th Street, N.W., Rm. 11-449<br>Washington, D.C. 20530<br>Christopher.Tortorice@usdoj.gov<br><br>*Attorney for the United States of America* |

                                        */s/ Charles D. Tobin*
                                        Charles D. Tobin (#455593)